Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8459 | **DATE** | 9/1/2000 |
| **CASE TITLE** | Sheptin vs. USA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The following motions are denied for the reasons stated above: plaintiff's motion for medical treatment [Item 7-1]; plaintiff's motion for an immediate and temporary restraining order [14-1]; plaintiff's motion for an emergency injunction [26-1]; plaintiff's motion for clarification [33-1]; plaintiff's emergency motion for preliminary injunctive emergency relief [35-1]; and plaintiff's motion "invoking the court's jurisdiction and granting immediate relief" [41-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 0 6 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 55 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING 00 SEP -5 PM 4:51 | date mailed notice | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LOUIS SHEPTIN, | ) |
|       Plaintiff, | ) |
| vs. | ) Case No. 99 C 8459 |
| UNITED STATES OF AMERICA, DR. M. JAVED, Staff Physician, and DR. CRUZ, Staff Physician, | ) |
|       Defendants. | ) |

DOCKETED
SEP 0 6 2000

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In this action, plaintiff Louis Sheptin, who at the time the action was filed was a prisoner at the Metropolitan Correctional Center in Chicago, alleges that the medical treatment he has received and is receiving is substandard and that the defendants are and have been deliberately indifferent to his serious medical conditions. Sheptin suffers from chronic active hepatitis, liver fibrosis, and a cardiac condition, as well as other ailments. He says that his liver condition was concealed from him by various prison doctors and that he did not discover it until recently, and that the medical care he has received for this and his other conditions has been so deficient that it has caused his condition to deteriorate such that he is at risk of death.

Sheptin originally filed this action as a habeas corpus case, naming as defendant the warden of the MCC. On March 3, 2000, the Court concluded that habeas corpus was not an appropriate remedy for what Sheptin was claiming and determined that Sheptin's claims should be construed as a complaint alleging denial of Sheptin's Eighth Amendment right to be free from cruel and unusual punishment. See Order of Mar. 3, 2000. In that same order, the Court granted

55

Sheptin's motion to proceed *in forma pauperis,* concluding that even though Sheptin had "struck out" under the Prison Litigation Reform Act, 28 U.S.C. §1915(g), his allegation that he was in imminent danger of serious physical harm was sufficient under the statute to except this case from the PLRA's statutory bar against further lawsuits.

Also on March 3, the Court directed Sheptin to file an amended complaint using the form ordinarily required for prisoners asserting civil rights claims; he did so on March 20. Sheptin's amended complaint named as defendants Doctors Javed and Cruz, who were claimed to be responsible for treating him at the MCC, and asserted against them a claim under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1981), that they had violated Sheptin's constitutional rights. The amended complaint also named as a defendant the United States, asserting a claim under the Federal Tort Claims Act, 28 U.S.C. §§1346(b)(1) 7 2674, in connection with the injuries Sheptin claimed to have suffered as a result of improper medical care.

Prior to filing his amended complaint, Sheptin had filed an "emergency motion for medical treatment" claiming that the MCC was not providing him with proper medical care. *See* Docket Item 7, filed Feb. 3, 2000. On the same date he filed his amended complaint, Sheptin also filed a "request for an immediate and temporary restraining order," seeking to restrain the MCC staff from "actions which are injurious to plaintiff and to other inmates." *See* Docket Item 14, filed Mar. 20, 2000. Shortly thereafter, on March 23, 2000, Sheptin filed a motion for summary judgment. *See* Docket Items 15 & 18.

On May 23, 2000, the Court entered an order stating that these motions would be taken under advisement and that defendants would be ordered to address them following service of summons and the amended complaint. The defendants were served in mid-June. In early

August, the Court set the case for a status hearing on August 30, 2000. Assistant United States Attorney Lisa Noller attended the status hearing on behalf of the defendants. About a week before the status hearing, defendants had filed a motion to dismiss some, but not all of Sheptin's complaint on various grounds.

At the status hearing on August 30 (Mr. Sheptin obviously was not in attendance), the Court advised AUSA Noller of its May 23 order and directed defendants to respond to the motions identified in that order: the emergency motion for medical treatment, the request for a TRO, and the motion for summary judgment. However, upon further review of the Court file after the status hearing, the Court believes that some modifications to this directive are in order.

There have been some fairly significant developments in Sheptin's case since he filed the amended complaint. In early April, he was transferred to the Federal Correctional Institution at Pekin, Illinois (after the Court denied his request for an order barring the transfer). Since that time, Sheptin has been transferred again, this time to the Federal Medical Center at Springfield, Missouri. This has not changed things, at least as far as Mr. Sheptin is concerned, with regard to his medical treatment; he still it is deficient and indeed appears to have filed lawsuit in other districts concerning his treatment at those facilities. The transfer has changed things, however, with regard to certain of the motions that are pending in this case.

Both Sheptin's emergency motion for medical treatment and his motion for a TRO were filed while he was still imprisoned at the Chicago MCC. The question thus arises whether these requests for injunctive relief are moot in light of his transfer. Sheptin has two types of claims in this case: a Federal Tort Claims Act claim against the United States; and *Bivens* claims against the two MCC doctors who were treating him while he was there. The FTCA does not permit a

3

court to issue an injunction against the United States. *See Hatahley v. United States*, 351 U.S. 173, 182 (1956); *Redland Soccer Club, Inc. v. Department of Army*, 55 F.3d 827, 848 n.11 (3d Cir. 1995); *E. Ritter & Co. v. Department of Army*, 874 F.2d 1236, 1243 (8th Cir. 1989); *Moon v. Takisaki*, 501 F.2d 389, 390 (9th Cir. 1974) (per curiam). And while there is some authority suggesting that a plaintiff may seek an injunction as part of a *Bivens* claim, neither of the MCC doctors named as defendants is currently in a position to treat Sheptin, and an injunction against them would have no practical effect, as Sheptin is no longer in the MCC. For these reasons, the Court concludes that Sheptin's emergency motion for medical treatment and his request for a TRO are moot and therefore denies both of those motions.

As indicated above, on March 29, 2000, the Court denied Sheptin's motion to bar his transfer to FCI Pekin. On April 3, 2000, Sheptin filed a "motion for an emergency injunction," in essence renewing this motion. *See* Docket Item 26. That Court denied that motion on April 25, 2000, but the order was inadvertently entered in another case that Sheptin had pending at the time, Case No. 99 C 8460. The docket in the present case thus reflects that the motion is still pending. Because the motion has already been denied, it is terminated at this time.

On April 27, 2000, Sheptin filed a "motion for clarification of order," seeking clarification of the Court's order of April 18, 2000 regarding service of summons. *See* Docket Item 33. As all of the defendants have now been served, this motion is denied as moot.

On May 10, 2000, plaintiff filed an "emergency motion for preliminary injunctive emergency relief." *See* Docket Item 35. In the motion, plaintiff alleged that he had been diagnosed as suffering from a serious cardiac condition requiring specialized care. He alleged among other things that the government had "dropped the ball" in transferring him to FCI Pekin

4

rather than to a prison medical center and requested entry "of a preliminary injunction which will cause the immediate transfer to a facility where plaintiff can get the proper and adequate medical care previously ordered by specialists ...." Motion, p. 3. Since that time, as noted earlier, Sheptin has been transferred from FCI Pekin to the prison medical center at Springfield. This motion is moot and is therefore denied.

On June 15, 2000, Sheptin filed an "ex-parte emergency notice" (the defendants had not yet been served), seeking an injunction against what he claimed was improper medical treatment at FMC Springfield. *See* Docket Item 41. As discussed earlier, the FTCA does not confer upon the Court the authority to issue an injunction against the United States, thus the only defendants in this case who might subject to injunctive relief are Drs. Jared and Cruz, who work at the Chicago MCC, not FMC Springfield. In other words, there is no defendant in this case who can properly be enjoined to provide Sheptin with appropriate care at FMC Springfield. For these reasons, the "ex-parte emergency notice" is denied.[1]

This leaves, as best as the Court can tell, two pending motions in this case: Sheptin's motion for summary judgment, and the government's motion to dismiss. In the "Conclusion" section of this motion, the Court will set a schedule for briefing and determination of these motions.[2] The Court notes that prior to service of summons, Sheptin made a series of

---

[1] The Court notes that from other materials filed by Sheptin, it appears that he has an action pending against the warden of FMC Springfield in the Western District of Missouri, Case No. 00-3308. It appears from these other materials that Sheptin may have sought injunctive relief in that case as well.

[2] Sheptin's motion may not comply with Local Rule 56.1, but the Court urges the government not to limit its response to a request to deny the motion for this reason. Parties and courts dealt with summary judgment motions for many years before Local Rule 56.1 and its

5

submissions to the Court regarding some of the issues that are now raised in defendants' motion to dismiss (*see* Docket Items 11, 22, and 24). The Court has copies of these items, and will consider them in dealing with defendants' motion to dismiss, so Sheptin may simply incorporate them by reference in his response if he wishes to do so.

## Conclusion

The following motions are denied for the reasons stated above: plaintiff's motion for medical treatment [Item 7-1]; plaintiff's motion for an immediate and temporary restraining order [14-1]; plaintiff's motion for an emergency injunction [26-1]; plaintiff's motion for clarification [33-1]; plaintiff's emergency motion for preliminary injunctive emergency relief [35-1]; and plaintiff's motion "invoking the court's jurisdiction and granting immediate relief" [41-1].

Defendants are ordered to answer by September 22, 2000 those portions of the complaint that they have not moved to dismiss. The government's response to Sheptin's motion for summary judgment is due by October 6, 2000; Sheptin's reply is due by October 20, 2000. Sheptin's response to defendants' motion to dismiss is due by October 6, 2000; defendants' reply is due by October 20, 2000. The Court will rule by mail on both motions.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 1, 2000

---

predecessors existed, and the Court believes that they can do so here.